FILED
U.S. District Court
District of Kansas

MAR 23 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

**In The District Court of the United States**
**For Kansas Republic**

| | |
|---|---|
| Michelle Avery Bey ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 2:23-cv-02125-EFM-ADM |
| ) | |
| David Harper ) | |
| ) | |
| Matthew Willard ) | |
| ) | |
| Tyrone Garner ) | |
| ) | |
| Robert P. Burns ) | **TRIAL BY JURY OF MY OWN** |
| ) | **PEERS IS DEMANDED** |
| Wendy M. Green ) | |
| ) | |
| Donald Tracy ) | |
| ) | |
| **Defendants** ) | |

### I. JURISDICTION

This action containing complaints for relief and for damage is brought against the Defendants in their official and individual capacities to secure due process of law, equal protection and other rights, privileges and immunities guaranteed to complainant by the Constitution and laws of the United States Republic.

Jurisdiction of this court is invoked pursuant to Article III § 2 of Constitution of the United States for the United States of America which extends the jurisdiction to cases arising under the said Constitution.

Plaintiff brings this suit pursuant to Title 18 of the United States Codes § 1962 for acts of racketeering affecting interstate commerce and pursuant to Title 42 of the United States Codes § 1983 for violations of certain protections guaranteed to her by the Fourth, Fifth, Sixth, Ninth, Tenth, and Fourteenth Amendments of the said Constitution by the Defendants under color of law in their official capacities.

**Venue**

Jurisdiction is with the district courts of the United States pursuant to Title 18 § 1964 of the United States Codes for violations of Title 18 § 1962 of the United States Codes.

## II. PARTIES

### Plaintiff

Michelle Avery Bey, In Propria Persona Sui Juris, not to be confused with Pro se, a Natural flesh and blood living breathing woman, in full life, Moorish American National.  Mailing Location: c/o 1838 North 50th Court, Kansas City, Kansas Republic [66102].

### Defendants

1. David Harper, dba Director of Kansas Division of Property Valuation of the STATE OF KANSAS, corporation, established in the year EIGHTEEN SIXTY-ONE(1861), foreign to the organic Kansas Republic; and foreign to the United States Republic of North America.  Address: 300 SouthWest 29th Street, Topeka, Kansas 66611.

2. Matthew Willard, dba County Appraiser for the UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, a political subdivision of the STATE OF KANSAS; private corporation foreign to the United States Republic; and foreign to the organic Kansas Republic.  Address:  8200 State Avenue, Kansas City, Kansas 66112.

3. Tyrone Garner, dba Mayor/CEO for the UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, a political subdivision of the STATE OF KANSAS; private corporation foreign to the United States Republic; and foreign to the organic Kansas Republic.  Address:  701 North 7th Street, Kansas City, Kansas 66101.

4. Robert P. Burns, dba a Court Judge for the Wyandotte County District Court aka District Court of Wyandotte County, Kansas, a court of the STATE OF KANSAS, corporation established in the year EIGHTEEN SIXTY-ONE (1861), foreign to the organic Kansas Republic; and foreign to the United States Republic of North America.  Address:  710 North 7th Street, Kansas City, Kansas 66101.

5. Wendy M. Green, dba Senior Counsel for the UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, a political subdivision of the STATE OF KANSAS; private corporation foreign to the United States Republic; and foreign to the organic Kansas Republic.  Address:  701 North 7th Street, Suite 961, Kansas City, Kansas 66101.

6. Donald Tracy, Owner of the ALANDON'S TOWING AND AUTOMOTIVE SERVICE, aka, ALANDON REBUILDERS AND EQUIPMENT, INC., a business chartered by the STATE OF KANSAS, corporation in the year NINETEEN EIGHTY-FOUR(1984).  Address:  6224 Kansas Avenue, Kansas City, Kansas 66111.

## III. FACTS AND LEGAL CLAIMS

1. Defendants have participated in an organized scheme that unlawfully classifies the property of we the people (the people) as business use when the property is not of business use and systematically use the classification to abuse a commercial process as the means to seize jurisdiction and ownership under the color of law, gain unlawfully obtained revenue, and harm the people. This scheme has been practiced for decades on the people that are tricked into registering their property..

2. Around September 22, 2021, Plaintiff (hereinafter I, or me, or my), received a summons and complaint for case number 2021-cv (tax sale no. 350) of the District Court of Wyandotte County, Kansas alleging the UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, corporation (UG) as the plaintiff and numerous defendants of which I was alleged to be number 95. The said case was not a class action suit.

3. The said complaint instituted by Defendants 1, 2, 3, and 5 and procured by the above described organized scheme consisted of an unsubstantiated tax debt assessed on my private noncommercial property/my shelter claimed to be owed to the UG and a prayer to seize my said property to satisfy the alleged debt as was the basis of the suit for many of the other alleged defendants in the said case.

4. The said alleged debt was computed by and to be discharged by obligations of the United States, Federal Reserve notes, per 18 United States Code (USC) § 8 which violates Article I, § 10 of the Constitution of the United States for the United States of America and 31 USC § 3124. In furthering the racketeering activities, the said complaint omitted material facts concerning the status of my said property and described my said property as an asset of the UG.

5. Under special appearance I responded to said complaint within the time allowed; therefore, I was not in a default status. My said response contained genuine issues of material facts and questions that, if answered or rebutted by the UG corporation or court of said case, it would have disclosed whether the said court had jurisdiction to hear the said case.

6. Defendants 4 and 5 violated 42 USC § 1983 and Amendments V and XIV of the said Constitution as well as 42 USC § 1983 and Kansas Statutes 60-205(1)(D) and 60-205(1)(E) when they blatantly disregarded my constitutionally secured right to due process of the law and equal protection of the laws as I was never served with notice of any documentary acknowledgment of any of the documents I filed in said case nor of any movement in the said case while the purpose of the said case was to deprive me of my said property.

7. Around May 5, 2022, I became aware that my said property was still unlawfully listed for sale in an upcoming public auction of the UG for the said alleged debt due to unknown people and investors sending letters, calling for me on the phone, and walking on my said property who were

interested in acquiring my said property due to the UG's public advertisement of the said public auction done under the supervision of Defendants 1, 2, and 3.

8. On May 5, 2022 I filed a request outside the said case under the Kansas Open Records Act with the UG to try to get justification of the UG listing my said property in the upcoming auction, as to my knowledge the said case was still in progress.

9. Due to filing the said Records request, around May 23, 2022, I received further evidence of the racketeering activities, copies of an ex parte issued journal entry of judgment electronically dated March 18, 2022 and an ex parte issued order of sale electronically dated March 21, 2022 of the said case conspired by Defendants 4 and 5 under color of law.

10. As I was not in default and the said judgment did not provide legal certainty to the parties for a declaratory judgment, the said ex parte judgment would be a summary judgment per Kansas Statute 60-212(h). In being a summary judgment, Defendant 4 violated Kansas Statute 60-256(c)(1)(A) by not affording the discovery period prior to the ex parte motion for the summary judgment of material facts that are still outstanding.

11. The said ex partes were distributed to other employees of the UG per Kansas Statute 60-2401 in order to unlawfully sell my said property in the said public auction. In so doing, Defendants 4 and 5 violated Kansas Statute 21-5907, simulating a legal process procured by the above stated fraud of classifying property as business use.

12. The said ex partes and actions thereby also violated Amendment VI of the said Constitution by Defendant 4 not allowing me to confront any witnesses against me, as well as Amendments V and XIV and 42 USC § 1983 in not giving me due process of the law and equal protection of the laws by not giving me notice of the actions within the said case of which Defendant 4 seized jurisdiction and deprived me of my said property. Notice is required by Kansas Statutes 60-205 and 60-258. In addition, the said actions were not emergencies to justify being ex parte; therefore, void judgments.

13. As prima facie evidence of further assisting the racketeering activities for the intented extortion, the said ex parte judgment and order conveniently did not provide any determination of finding of facts and conclusions of law by Defendant 4 as stipulated by Kansas Statute 60-252(a)(1); however, the said ex partes are relied on as justification to obtain satisfaction of the alleged debt at whatever cost by the UG employees and associates.

14. As the allotted 30 days per Kansas Statute 60-2103 had expired when I received the said ex parte copies, Amendments V and XIV and 42 USC § 1983 of the said Constitution were again violated by Defendant 4 in not affording me due process of law and equal protection of the law as I was not given the opportunity to to be heard in rebutting or to appeal the actions in the said case of depriving me of my said property..

15. Due to the said unlawful actions of Defendants 4 and 5 in the said case, the nonresponse to my documents filed in said case, and under the threat and fear of my property being unlawfully sold by the UG in its upcoming public auction and my reliance thereon, I was injured by the above mentioned extortion practices of Defendants 1, 2, 3, 4 and 5. In that regard, on June 27, 2022 I was forced to give the UG 34,934.89 Federal Reserve notes in order to temporarily halt any further injuries and harm to me and my said property from the racketeering scheme.

16. Since 2012 I have made many attempts to get Defendants 1, 2, and 3 to stop the illegal activities as it involves me and my said property after I became aware of the fraud of the classification of the property. As with the said case, my correspondences were ignored and the racketeering activities continue.

17. The Kansas Constitution in Article 11 gives authorization to the corporations such as the UG to tax different classifications of real property which are all commercial in nature. None of the classificatons describe my said property as my said property is not real property in the first instance, however, Defendants 1, 2, 3, 4, and 5 use the classification in the said Article 11 of "Residential Real Property" to describe the property of the people and my said property when the description is false due to the very definition of "residential real property" alone represents a business use for lodging per Kansas Statute 58-2543.

18. Defendants 1, 2, 3, 4, and 5 know the said classification is false because they do not have any evidence of such business use of the property of the people nor of my said property and because I have informed them of non business use.

19. The unlawful classification is the foundation of the organized scheme of which Defendants 1, 2, 3, 4, and 5 under color of law use to claim a right to tax the property of the people and carry out the organized scheme.

20. Defendants 1, 2, 3, 4, and 5 have created fictitious obligations with the said ex partes, unsigned assessments, and tax statesments in this organized scheme and have used the mails to carry out the scheme on me and the people in violation of 18 USC § 514.

21. Defendants 1, 2, 3, 4, and 5 have from the said organized scheme unlawfully seized and converted the ownership of the property of the people and my said property through the said unlawful classification to being an asset of the UG. The said seizure and conversion has stagnated my enjoyment of my said property due to the unauthorized control over my said property with regulations and permit requirements for which I should have the liberty to exercise without. This is theft as denoted by Kansas Statute 21-5801.

22. On June 6, 2013, through the training or lack thereof of Defendants 1, 2, and 3, other employees of the UG, deceptively disguised themselves as lawful government in sheriff vehicles, and pretended to be executing an emergency through the use of the vehicles emergency lights, of which I relied on when I pulled over, robbed me on the highway with guns of my non commercial

automobile with the help of Defendant 6. In participation of the racketeering scheme, the said robbery was a means to fraudulently extort finances from me for the alleged tax debt. At the time of the said robbery, I was told in addition to other things by the employee that pretended the emergency, C. Morris, that I needed to "pay" the alleged tax debt in order to obtain my said automobile back. These acts are criminal offenses of extortion and robbery in 18 USC § 1951 and robbery under Kansas Statute 21-5420.

23. The said employee, C. Morris, had previously worked in the UG office that processes property taxes at a time I had sent documents to the property tax office. During the time this employee was working in the property tax office, he was under the supervision of Defendant 1, 2, and 3. He replied through the mails to a document I had sent to the property tax office with his written interpretation of the law on taxing my said property and informed me of the threatening steps he had and was to take to make me comply which included posting a lien he had just placed on my said property inside his employer's building which violated Kansas Statute 21-5428 - Blackmail.

24. I've been in receipt of other unsigned threatening documents through the mails from the UG to obtain the alleged debt because of the said organized scheme.

25. Defendants 1, 2, 3, and 6 through their racketeering involvement have deprived me of my liberty in the use of my said automobile in violation of 18 USC §s 241 and 242, 42 USC § 1983, Kansas Statute 21-5803, and Amendments IV, V, IX, X, and XIV of the said Constitution for the United States as I should be allowed to be secure in my property against unreasonable searches and seizures, afforded due process of the law and equal protection of the law in the deprivation of my property, and have the liberty to do what is not expressly prohibited as long as I am not injuring others.

26. Defendants 1, 2, 3, 4, and 5 through the racketeering activities in addition to the other violations stated above have violated Amendments IV, IX, and X of the said United States Constitution by depriving me my god given right to have a place to stay for shelter from the elements of the weather and my substantive right to the peaceful possession of my said property.

27. Defendant 1 as the supervisor of the taxing affairs of the entire State of Kansas of which comprises the taxing activities of the UG, Defendants 2, 3, and 5 as employees of the UG, and Defendants 4 and 6 as having regular business relations with the UG, have, as stated above, violated the RICO Statute, 18 USC § 1962 through robbery and extortion in violation of 18 USC § 1951 and Kansas Statute 21-5420, and mail fraud in violation of 18 USC § 1341 which are patterns they use to deliberately injure me and the people for the unlawful financial gain of the UG corporation. The Defendants' racketeering practices affect interstate commerce through the public auctions of the UG and the public auctions of Defendant 6 in selling the property unlawfully obtained by way of the said organized scheme to the public, through the use of the Postal Service for the delivery of documents used to threaten and defraud me and the people of

property and our right of a lawfully functioning government, and through the UG obtaining grants from the federal government with the use of the falsified records of the scheme in declaring the UG corporation's assets and liabilities to utilize Kansas Statute 12-2811.

28. I have been injured in my property by the Defendants from the extortion as stated above of the 34,934.89 FRNs, the lost of liberty in the use of my said noncommercial automobile by the said robbery, mental anguish from public humiliation of my said property being advertised and liened, and from the finances and time I have expended in trying to put a stop to the racketeering activities of the Defendants as the activities relate to me.

## IV. RELIEF

1. I demand due process of the law as protected by the Constitution for the United States of America.

2. I demand this District Court of the United States stop these abuses of colorable law - colorable authority by the Defendants.

3. The immediate recusal from his/her office any Defendant's involvement found guilty in violation of the Constitution for the United States of America, the United States Codes of Law, or the Kansas State laws.

4. Defendants, in their individual and official capacities, collectively, are being sued for $41,815,534.89 for compensatory damages; and treble for punitive damages in their private capacities.

5. All other relief the Court deems appropriate.

I declare under the penalty of perjury under the law of the UNITED STATES CODES that the above is true and correct to the best of my knowledge and honorable intent.

Respectfully submitted this 23rd day of March, 2023

I Am: *[signature]*
Michelle Avery Bey
In Propria Persona
All Rights Reserved
c/o 1838 North 50th Court
Kansas City, Kansas Republic
913-287-7758