IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE AVERY BEY,

    *Plaintiff,*

vs.

                        Case No. 23-2125-EFM-ADM

DAVID HARPER, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Michelle Avery Bey's self-titled "Petition for Reversal Pursuant to FRCP, Rule 60" (Doc. 65). This is essentially a motion to reconsider this Court's prior order dismissing all of Plaintiff's claims. Initially, Plaintiff sought $41,815,534.89 in compensatory damages and thrice that in punitive damages because Defendants initiated foreclosure proceedings when Plaintiff failed to pay taxes. After each Defendant moved to dismiss, the Court granted their Motions with prejudice on all of Plaintiff's claims for two reasons. First, the Court found that the Tax Injunction Act deprived this Court of jurisdiction to hear Plaintiff's case in that it stemmed from county tax proceedings. Second, the Court found that Plaintiff had failed to establish standing against each Defendant for her procedural due process claim because she had not pled facts establishing that they had individually caused her injury.

Now, Plaintiff moves for reconsideration of that order, asserting that the Court has made seven "mistakes" or misapprehensions regarding her Complaint. For the reasons stated below, the Court denies Plaintiff's Motion.

## I.     Legal Standard

**A.     Motion to reconsider**

The Court has discretion whether to grant a motion to reconsider.[1] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[2] Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[3] A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[4] The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[5] "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[6] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[7]

---

[1] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[4] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[5] *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[6] *Voelkel*, 846 F. Supp. at 1483.

[7] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

**B.     In propia persona plaintiffs**

In propia persona filings are held to "less stringent standards than formal pleadings drafted by lawyers."[8]  Therefore, an in propia persona litigant is entitled to a liberal construction of his pleadings.[9]  However, it is not the proper role of a district court to "assume the role of advocate for the [in propia persona] litigant."[10]

## II.     Analysis

Plaintiff fails to address the relevant standards for a motion to consider under either Rule 59(e) or Rule 60(b).  Nevertheless, given that Plaintiff proceeds in propia persona, the Court will address the merits of her Motion under the relevant standard contained in D. Kan. R. 7.3(b).

Because Plaintiff argues that the Court committed mistakes in reading her Complaint, the Court will construe this as arguing for a manifest error in fact under Rule 59(e).  Even so, it is clear from the face of Plaintiff's Motion that her argument is baseless.  Indeed, she relies on the same failed objections and arguments raised in response to Defendants' motions to dismiss.  As previously stated by the Court:

> Even liberally construing Plaintiff's Complaint, the only factual allegations remaining after stripping away unsupported legal conclusions and irrelevant legal jargon is that the [Unified Government of Wyandotte County/Kansas City Kansas] initiated foreclosure proceedings against her car and her house.  These proceedings stemmed from Plaintiff's failure to pay taxes as assessed by the County.  Thus, Plaintiff in actuality is seeking this Court to enjoin or provide damages for the County's collection of taxes.  This requested relief fundamentally falls afoul of the TIA—something noted by this Court in its previous order denying Plaintiff jurisdiction in federal court.

---

[8] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[9] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Nothing in Plaintiff's Motion adds anything new to this Court's analysis. The Court will address each of Plaintiff's objections under the relevant standard in turn.

First, Plaintiff once again claims that her action stems not from tax collection efforts but from the "criminal acts of the Defendants of which they used on me while abusing a lawful commercial process of the state for financial gain." But as before, the underlying "process" Plaintiff claims Defendants used was foreclosure proceedings in pursuance of tax collection efforts. Thus, the the Injunction Act applies, depriving this Court of jurisdiction. Plaintiff offers no valid or legally cognizable argument to contrary.

Second, Plaintiff claims this Court erred in classifying her property as residential property. Without addressing Plaintiff's misunderstanding of Kansas property law, this argument raises nothing of substance and does not show clear error.

Plaintiff's third objection relates to the first, as she once again argues that Defendants were not collecting taxes. Simply put, under the facts as alleged by Plaintiff, they were.

Fourth, Plaintiff claims the Court's statement that Plaintiff "redeemed her property without difficulty" is false given that she had to pay $34,934.89 to the County. She also states that the Court erred in concluding that she was involved in the proceeding to redeem her property. But paying taxes to redeem property seized through foreclosure proceedings is the standard procedure and does not present any special difficulty. Plaintiff's allegations to the contrary are legal conclusions not entitled to any consideration. Furthermore, the fact that Plaintiff successfully redeemed her property alone shows her involvement in that earlier proceeding. Therefore, this objection lacks merit.

Plaintiff's fifth objection shows that she misunderstands the Court's prior order as stating that this case is the same as Plaintiff's previous case in 2019. The Court never said nor implied that. Even if it had, that is irrelevant to the standard for motions to reconsider.

Sixth, Plaintiff takes issues with this Court's determination that K.S.A. § 79-2005 constitutes a plain, speedy, and efficient remedy for persons challenging taxes. This was an acknowledgement of the established law, not an erroneous finding of fact. Plaintiff has cited no law to the contrary, and the Court is confident that she cannot.

Finally, Plaintiff claims the Court erred by finding she did not have standing to assert any procedural due process claims against Defendants. However, she fails to substantively address the underlying reason for the Court's decision. Plaintiff did not plead any *facts* causally tying the individual Defendants to her alleged injury, i.e., lack of notice. Thus, for every objection, Plaintiff cannot show clear error.

Briefly, the Court notes that Plaintiff filed a "Motion for Ruling" on October 5, 2023 (Doc. 67). In that Motion, Plaintiff expresses frustration that this Court had not yet issued an order on her Motion to Reconsider. The Court reminds Plaintiff that in civil cases it operates under no deadlines except its own. Regardless, because the Court now issues this Order, Plaintiff's Motion for Ruling is now moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Ruling (Doc. 67) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 6th day of October, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE